FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 AUG 28 PM 3:58

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JACQUELINE TUTHILL

VERSUS

HARLEYSVILLE MUTUAL
INSURANCE COMPANY, NATIONAL
FLOOD SERVICE, FIDELITY
HOMESTEAD ASSOCIATION, LASTRAPES
INSURANCE

CIVIL ACTION

NUMBER: 06 - 5087

SECTION: SECT. N MAG 2

JUDGE: _____
MAGISTRATE: _____

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Jacqueline Tuthill, who asserts the following claims for damages as follows:

I

Jacqueline Tuthill is a person of the full age of majority and a resident of Orleans Parish, with her permanent residence at 75 Egret St, New Orleans, Louisiana.

II

Named as defendants herein are:

a. **Harleysville Mutual Insurance Company** ("Harleysville"), which upon information and belief is a non-Louisiana entity, which was licensed to do and doing business at all times within the jurisdiction of this Court. More particularly, Harleysville provided a policy of flood insurance to Jacqueline Tuthill.

Fee 350.00
Process _____
X Dktd _____
___ CtRmDep _____
___ Doc. No _____

b. **National Flood Services** ("NFS"), which upon information and belief is a non-Louisiana entity, which was licensed to do and doing business at all times within the jurisdiction of this Court. More particularly, NFS serviced the flood policy issued by Harleysville.

c. **Lastrapes Insurance Agency** ("Lastrapes"), which upon information and belief is a Louisiana corporation with its principal place of business in Metairie, Louisiana.

d. **Fidelity Homestead Association** ("Fidelity"), which upon information and belief is a Louisiana corporation with its principal place of business in New Orleans, Louisiana.

III

**JURISDICTION & VENUE**

This is an action for damages for failure to honor a flood policy issued pursuant to the National Flood Insurance Program ("NFIP"). This court has original jurisdiction under Federal statutes found at 42 U.S.C. §4072 which state that actions pursuant to the NFIP are to be brought in federal court. This action is also based on state law claims arising from the same facts over which the court has supplemental jurisdiction as provided under 28 U.S.C. §1367.

IV

Venue is proper in the United States District Court for the Eastern District of Louisiana because plaintiff resides in and the insured property is located in Orleans Parish.

## FACTS

### V

Harleysville Mutual Insurance Company, is authorized by the federal NFIP as a "Write Your Own (WYO)" insurer to issue flood policies to customers pursuant to the NFIP statutes and regulations. Pursuant to that authority, Harleysville issued flood policy number 87019015562004 (the "policy") to Jacqueline Tuthill to cover her single family home located at 75 Egret Street, New Orleans, Louisiana. The initial Harleysville policy became effective February 6, 2004, and provided building coverage in the amount of $250,000 as the home was under construction at the time (A copy of the declaration page is attached as Exhibit "A").

### VI

NFS is a vendor hired by Harleysville to represent and handle the administration of flood policies for Harleysville. NFS provides specialized administration to facilitate and process flood insurance polices, which allows companies such as Harleysville to offer flood insurance to their agency force.

### VII

Lastrapes is an insurance agency that represents and sells Harleysville insurance policies, including flood, and was hired by Ms. Tuthill to procure a flood policy for building and contents coverage on 75 Egret Street for her benefit.

### VIII

Fidelity is the company contracted by Ms. Tuthill to originate, maintain and service the mortgage for her residence at 75 Egret Street.

IX

After construction was completed and Ms. Tuthill moved into her home, the flood policy was revised and changed to provide coverage amounts of $250,000 for the building, and add $100,000 for contents coverage, which Harleysville made effective September 10, 2004 (A copy of the declaration page is attached as Exhibit "B").

X

Ms. Tuthill issued a check to Lastrapes in the amount of $382.00 on August 10, 2004 which satisfied the amounts owed for dwelling coverage and the pro-rated amount for contents coverage, which was cashed and cleared. Ms. Tuthill had previously issued a check to Lastrapes on February 18, 2004 for the dwelling coverage, which was never cashed by Lastrapes.

XI

Ms. Tuthill did not receive any other correspondence from either Harleysville or NFS subsequent to receiving a copy of her policy and declarations and prior to Hurricane Katrina. At no time did she receive any correspondence from either requesting additional information about the insured property and dwelling, nor did she ever receive a notice of renewal, notice of non-renewal, notice of cancellation, a corresponding return of her premium or a portion thereof, or the like.

XII

Fidelity had a responsibility as the mortgagor of the insured property to accurately keep track of the renewal dates for Ms. Tuthill's insurance policies, including homeowner's and flood, on the property. However, Fidelity entered the wrong date for expiration of Ms. Tuthill's flood policy and entered an incorrect expiration date of February 2006, instead of February 2005. Accordingly, this contributed to Ms. Tuthill's not receiving notification of renewal or of potential cancellation from any party.

XIII

Ms. Tuthill suffered a covered loss on August 29, 2005, when Hurricane Katrina struck the area and the levees, particularly at the 17th Street Canal, failed to hold and water inundated the covered property, causing extensive damage to the property and contents for which Ms. Tuthill had purchased coverage from Lastrapes and Harleysville.

XIV

Ms. Tuthill has attempted to make a claim with Lastrapes, Harleysville and/or its vendor, NFS, for covered damages to the dwelling at 75 Egret Street and the contents contained therein. To date, as to Ms. Tuthill, Harleysville and/or NFS have refused to honor the policy at issue, and have refused to provide written justification of their reasons for so doing.

XV

However, Harleysville and/or NFS have provided coverage under the policy for damages to the dwelling to Fidelity as the mortgagee, despite their contentions that the policy had been "purged" as to all parties. In providing coverage to Fidelity but not to the plaintiff Harleysville and/or NFS have acted arbitrarily and capriciously.

5

XVI

Harleysville and/or NFS sent an adjuster to determine the amount of damages at the covered property. The adjuster determined a damage amount to the dwelling in excess of $160,000, and a total contents loss in excess of $90,000. In fact, the present true and correct amount for lost contents exceeds $100,000. Ms. Tuthill has not received any compensation for her contents losses, for which she had purchased $100,000 in coverage under the policy.

XVII

Harleysville and/or NFS have issued a check for damages to the dwelling to Fidelity in the amount of $162,427.44, but have refused to pay Ms. Tuthill for any of the content damages sustained.

XVIII

In the event that any defendant attempts to claim that Ms. Tuthill failed to renew her policy, Ms. Tuthill asserts that she notified the defendants as soon as it came to her attention in September 2005 of the non-receipt of a renewal or cancellation notice, which was within the 1 year period provided for by Federal regulations and Ms. Tuthill's standard flood insurance policy as issued by Harleysville.

**COUNTS**

XIX

Harleysville is liable to Ms. Tuthill for the following, non-exclusive particulars:

1. Breach of contract for failure to provide the purchased coverage;

2. Breach of contract for failure to secure the contracted and paid for policy;

3. Breach of fiduciary duty in failing to secure the contracted and paid for policy;

4. Breach of Federal and State statutes and regulations governing cancellation and non-renewal of insurance polices, including flood, by insurance companies;

5. Arbitrary and capricious claims handling;

6. Arbitrarily and capriciously canceling the policy without providing proper notice to the plaintiff or her agent as required by federal and state law;

7. Arbitrarily and capriciously canceling the policy without a valid reason recognized by the NFIP regulations and federal statutes;

8. Failure to provide a valid and sufficient cancellation or non-renewal notice to plaintiff or her agent;

9. Any and all other actions and/or inactions as provided by Federal and/or state law.

## XX

NFS is liable to Ms. Tuthill for the following, non-exclusive particulars:

1. Breach of contract for failure to provide the purchased coverage;

2. Breach of contract for failure to secure the contracted and paid for policy;

3. Breach of fiduciary duty in failing to secure the contracted and paid for policy;

4. Breach of Federal and State statutes and regulations governing cancellation and non-renewal of insurance polices, including flood, by insurance companies;

5. Arbitrary and capricious claims handling;

6. Arbitrarily and capriciously canceling the policy without providing proper notice to the plaintiff or her agent as required by federal and state law;

7. Arbitrarily and capriciously canceling the policy without a valid reason recognized by the NFIP regulations and federal statutes;

8. Failure to provide a valid and sufficient cancellation or non-renewal notice to plaintiff or her agent;

9. Any and all other actions and/or inactions as provided by Federal and/or state law.

### XXI

Lastrapes is liable to Ms. Tuthill for the following, non-exclusive particulars:

1. Breach of fiduciary duty owed by an insurance agent in failing to secure the contracted and paid for policy;

2. Breach of standard of care owed by an insurance agent in failing to secure the contracted and paid for policy;

3. Breach of contract for failure to provide the purchased coverage;

4. Breach of contract for failure to secure the contracted and paid for policy;

5. Failure to renew and/or ensure continuous coverage of the contracted for policy;

6. Failure to provide notice to the plaintiff of the cancellation and/or non-renewal of the contracted for policy;

7. Any and all other actions and inactions as may be provided by Federal and/or state law.

### XXII

Fidelity is liable to plaintiff for the following, non-exclusive particulars:

1. Breach of fiduciary duty owed by the mortgagor of a covered property;

2. Breach of standard of care owed by the mortgagor of a covered property;

3. Failure to provide notice to the plaintiff of the cancellation and/or non-renewal of the flood policy;

8

4. Failure to provide notice of the renewal date of the flood policy at issue;

5. Failure to renew and/or ensure continuous coverage of the flood policy and contents coverage at issue;

6. Any and all other actions and inactions as may be provided by Federal and/or state law.

## DAMAGES

### XXIII.

As a result of the unlawful, arbitrary and capricious denial of coverage by Harleysville and NFS, and the failure by Lastrapes to secure an effective policy, as bargained and paid for by Ms. Tuthill, Ms. Tuthill and the failure to provide proper notification and ensure continuous coverage, has been damaged and pleads for relief as follows:

1. A determination that the contracted and paid for policy (as evidenced in Exhibit "B") was in full effect for both dwelling and contents coverage on August 29, 2005, the date of the covered loss;

2. Full enforcement of the contracted and paid for policy and its limits as evidenced by Exhibit B;

3. Complete reinstatement of the policy;

4. Full contents coverage in the contracted for amounts of $100,000

5. Full dwelling coverage in the contracted for amounts of $250,000

6. Any other damages and/or penalties to which she might be entitled by law

7. All attorney's fees, costs, and penalties to which she may be entitled under Federal and State law for bringing this action due to the arbitrary and capricious handling of this matter by defendants.

9

## XXIV

Jacqueline Tuthill requests a trial by jury on all claims asserted by her in this matter.

WHEREFORE, after due proceedings are had, Jacqueline Tuthill prays that judgment be rendered in her favor and against the defendants for the full amount of her damages, as well as all other general and equitable relief to which she might be entitled.

Respectfully submitted,

NALLEY AND DEW
A Professional Law Corporation

_____
GEORGE J. NALLEY, JR. (9883)
CHRISTOPHER D. WILSON (27142)
Suite 200
2121 Ridgelake Drive
Metairie, LA  70001
(504) 838-8188

### CERTIFICATE OF SERVICE

I do hereby certify that I have on this ___28th___ day of August, 2006 served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing the same by United States mail, properly addressed, and first class postage prepaid.

_____
NALLEY AND DEW, APLC